# 中国国际经济贸易仲裁委员会裁决书

第一申请人：中国化工建设重庆公司
地　　　址：中国重庆市渝北区红石路 36 号
第二申请人：重庆农药化工（集团）有限公司
地　　　址：中国重庆市沙坪坝区井口镇
仲裁代理人：张弘、谭华


第一被申请人：美国国际庄明企业公司(The Brighton Industries Corp.)
地　　　址：6 Pearl Court, Allendale, New Jersey, 07401, USA
第二被申请人：北京庄明斯达电子系统有限公司
地　　　址：北京市朝阳区光华路 7 号汉威大厦三层 B8
第三被申请人：美国庄明技术公司(The Brighton Technologies Corp.)
地　　　址：6 Pearl Court, Allendale, New Jersey, 07401, USA
第四被申请人：龚杰（ Mr. kit kung）
地　　　址：6 Pearl Court, Allendale, New Jersey, 07401, USA
仲裁代理人：　桑红华


北　京

2002 年 3 月 11 日

# 裁 决 书

（2002）贸仲裁字第 0042 号

中国国际经济贸易仲裁委员会(原名中国国际贸易促进委员会对外贸易仲裁委员会，后改名为中国国际贸易促进委员会对外经济贸易仲裁委员会，后又改为现名，以下简称仲裁委员会)根据第一申请人中国化工重庆公司、第二申请人重庆农药化工（集团）有限公司与第一被申请人美国国际庄明企业公司（The Brighton Industries Corporation）于 1994 年 4 月 15 日签订的 94HNXH/3901U.S.号《中国重庆东风化工厂引进美国年产 2 万吨重铬酸钠技术软件及设备合同》中的仲裁条款和申请人于 2001 年 3 月 5 日提交的落款日期为 2001 年 2 月 27 日的、分别以美国国际庄明企业公司（The Brighton Industries Corporation）为第一被申请人、北京庄明斯达电子系统有限公司为第二被申请人、美国庄明技术公司（Brighton Technologies Corporation）为第三被申请人、龚杰（Mr. kit kung）为第四被申请人的仲裁申请书，以及申请人于 2001 年 3 月 26 日提交的落款日期为 2001 年 3 月 23 日的《关于 94HNXH/3901U.S.合同书中仲裁条款对本案第二申请人有约束力的情况说明》、落款日期同为 2001 年 3 月 9 日的分别关于本案仲裁条款为何约束第一被申请人和第二、三、四被申请人的两份情况说明以及上述说明所提及的补充协议、还款协议书和《股票质押还款承诺书》，于 2001 年 4 月 12 日受理本案。本案编号为 X20010111。

本案程序适用仲裁委员会 2000 年 10 月 1 日起实施的《中国国际经济贸易仲裁委员会仲裁规则》（以下简称仲裁规则）。

2001 年 4 月 12 日，仲裁委员会秘书局分别以（2001）贸仲字第 001754 号函和（2001）贸仲字第 001755 号函向申请人和被申请人发送了本案仲裁通知，并提请被申请人在仲裁规则规定的期限内提交书

1

面答辩或反请求，同时向被申请人附具了申请人提交的仲裁申请书及其附件材料、仲裁规则和仲裁委员会仲裁员名册。

被申请人于 2001 年 5 月 16 日提交了书面答辩状。仲裁委员会秘书局将此文件转送申请人。

申请人共同选定王晨光先生担任本案仲裁员，被申请人共同选定曹家瑞先生担任本案仲裁员；由于双方未能在仲裁规则规定期限内共同选定或共同委托仲裁委员会主任指定首席仲裁员，仲裁委员会主任根据仲裁规则第二十四条之规定指定陈敏先生担任本案首席仲裁员。上述三位仲裁员于 2001 年 6 月 11 日共同组成仲裁庭，审理本案。

2001 年 9 月 4 日，仲裁庭在北京对本案进行了开庭审理。双方当事人均委派仲裁代理人出席了庭审，就本案涉及的主要问题及各自对本案的看法进行了口头陈述、举证、相互辩论与质证，并回答了仲裁庭提出的问题。

庭后，被申请人在仲裁庭规定的期限内提交了庭后补充材料。但是，由于申请人在仲裁庭规定的期限内未能足份提交庭后补充材料，仲裁委员会秘书局于 2001 年 10 月 10 日以（2001）贸仲字第 004738 号函通知申请人，依仲裁庭决定，请申请人限期足份提交补充材料，逾期不提交，仲裁庭将对所提交的上述全部补充材料不予接受。此后，申请人未能在仲裁庭规定的期限内足份提交补充材料。

2001 年 10 月 31 日，仲裁委员会秘书局以（2001）贸仲字第 004733 号函将被申请人提交的庭后补充材料转送申请人，同时根据仲裁规则的规定，通知申请人，由于申请人在仲裁庭规定的期限内未能足份提交庭后补充材料，仲裁庭不予接受申请人已提交的部分补充材料。

随后于 2001 年 11 月 6 日，申请人足份补交了补充材料。仲裁委员会秘书局于 2001 年 11 月 8 日将申请人提交的该等补充材料转送被申请人。仲裁委员会于 2001 年 11 月 27 日收到被申请人的函件，被申请人以申请人提交材料超过规定期限为由拒绝对申请人的仲裁代理词进行答辩并要求仲裁庭不予采纳申请人的代理意见。仲裁委员会

2

秘书局又以（2001）贸仲字第 005859 号函将此函件转送申请人。对此，申请人于 2001 年 12 月 7 日提交了落款日期为 2001 年 12 月 6 日的异议书，要求仲裁庭"本着客观、有利于平等保护双方诉权、不影响仲裁程序正常进行以及有利于收集证据和查清事实等原则和规则处理"。仲裁委员会秘书局于 2001 年 12 月 18 日将此"异议书"转送被申请人。

至此，双方当事人均未提交任何书面文件。

本案现已审理终结。根据仲裁规则第五十三条的规定，仲裁庭根据现有的双方提交的书面材料与开庭审理的情况，经合议作出本案裁决。

现将本案案情、仲裁庭意见和裁决分述如下：

## 一、案　情

1994 年 4 月 15 日，第一申请人在第二申请人的委托下，与第一被申请人签订了合同号为"94HNXH/3901U.S."的《引进美国年产 20,000 吨重铬酸钠技术软件及设备合同》（以下简称本案合同），双方约定：

1、供货与服务内容为：关键设备、技术转让与技术服务；

2、合同估算总价为：技术转让费与设计费：478.5 美元、技术服务费：21.45 万美元、美制关键设备估算价：600.05 万美元，最终设备采购费将以设备采购订单为准。

其中，货款系申请人向美国进出口银行申请的贷款，并由中国建设银行提供担保，经国家外汇管理局备案登记（外汇贷款登记证号：No.9410214129001、No.9410214129002）的外债。

随后双方当事人又分别签订了以下文件：

3

1、1994年5月19日备忘录（以下简称备忘录）；

2、1996年8月15日《94HNXH/3901合同补充协议》（以下简称补充协议），约定原则上只购本案合同的关键设备，其余设备均在国内制造或购买，同时双方估算并拟在美采购设备约360万美元；

3、1996年11月21日备忘录，约定被申请人向申请人支付人民币货款，以便申请人在国内采购设备，并且双方对申请人多付出的外汇货款想办法用于国内企业采购美国设备；

4、1997年5月9日三方协议补充，对上述备忘录进行了约定；

5、1997年6月28日补充协议，主要是关于付款方式的约定；

6、1998年7月9日《关于重庆农化（集团）公司2万吨红矾钠项目使用美国出口信贷剩余款项处理方案的协议》（以下简称余款处理协议），确认申请人存于被申请人银行帐上本案合同项下余款合计为2,458,776.15美元。

基于上述诸合同，双方当事人又于1999年11月1日进一步签订了《还款协议书》（以下简称还款协议书），在该协议书中，再次确认第一被申请人尚欠申请人余款本金245万美元。同时，本案第二、三被申请人承诺对第一被申请人偿还上述欠款提供担保，承担于2000年6月30日前归还还款协议书项下的全部欠款本金和约定利息的连带保证责任，并且本案第四被申请人还向申请人出具了《股票质押还款承诺书》（以下简称还款承诺书），承诺用其个人拥有的美国庄明技术公司的个人股票作质押，担保第一被申请人偿还上述欠款。

此后，在履行上述还款协议书的过程中双方发生纠纷，未能协商解决，申请人遂向仲裁委员会申请仲裁并诉称：

被申请人时至今日仍拒不归还上述欠款，亦未全面履行担保合同义务，其一再违约的行为，给申请人造成了严重的经济损失。根据《中华人民共和国合同法》第107、113条的规定，要求第一被申请人偿还欠款本息、支付税款以及赔偿因此给申请人造成的损失，同时，第二、三、四被申请人承担相应的连带责任。

4

基于上述，申请人提出以下仲裁请求：

1、第一被申请人立即偿还欠款 245 万美元及逾期付款之利息；

2、第一被申请人立即支付技术转让费所得税款 3,976,095.75 元人民币；

3、第二、三、四被申请人承担上述第 1、2 项下的连带还款和付款责任；

4、被申请人承担仲裁费和仲裁庭开支的其他费用；

5、被申请人赔偿申请人为办理本案支出的差旅费、律师费和其他经济损失共计 105 万元人民币。

申请人提出上述仲裁申请之时，附具了以下证据：本案合同、备忘录、补充协议、余款处理协议书、还款协议书、还款承诺书等，上述证据均有双方当事人授权代表的签名。

在开庭审理时，申请人对其前述仲裁请求第 1、2 项进一步明确如下：

1、被申请人偿还申请人本案合同项下的所欠款项本息合计 3,067,356.80 美元，其中本金 2,420,532.14 美元，利息 646824.66 美元（截止算至 2001 年 8 月 31 日）；

2、被申请人支付申请人代缴技术转让费和设计费所得税款 3,971,550.00 元人民币及 2001 年 8 月 29 日起发生的全部滞纳金 7,943.10 元人民币（按日扣缴，加收税款 2‰）。

针对申请人的仲裁申请，被申请人在其落款日期为 2001 年 5 月 16 日的答辩书中反驳如下：

1、关于 245 万美元，申请人没有提供证据以证明该债务的存在。根据本案合同，被申请人已完全履行了自己的义务，即交付全部设备、提供约定的技术服务。申请人就本案合同项下的所谓欠款，没有提供任何财务依据，无法证明其没有收到合同约定的全部或部分设备，也无法证明被申请人尚有借款在其帐上。也即，申请人没有向仲裁庭提

5

供关于 245 万美元本息的债务形成的任何证据。

2、关于申请人提起仲裁所依据的还款协议书，因违反关于外债的法律规定，应属无效。根据本案合同总则关于"合同所列费用由卖方代表买方向美国进出口银行申请贷款"与合同第 11 条第 1 款关于"合同生效以美国进出口银行贷款协议签字之日为生效日期"的规定，本案合同项下 1,100 万美元系申请人向美国进出口银行申请的贷款，并且该贷款由中国建设银行提供担保，经国家外汇管理局备案登记的外债。根据中国《外债统计监测实施细则》等法律规定，该笔款项的用途在外债申报中为履行本案合同项下之付款义务。因此，被申请人与申请人均无权在未经国家外汇管理部门批准的情况下擅自改变该贷款的用途，更无权将此贷款的一部分转换为人民币现金。而申请人据以请求的 245 万美元本息所依据的还款协议书正是违反有关外债之法律规定签署的协议，此协议违反我国法律应属无效。

3、关于税款问题，申请人亦没有提供证据证明该款项的存在。申请人提出此项请求的依据为本案备忘录，即由申请人代被申请人缴纳该笔款项的约定。故申请人的请求权应来源于其实际已缴付该税款，但申请人并未提交其实际缴付税款的证明。

4、第二、三、四被申请人不应承担担保责任。如上所述，还款协议书系无效合同，故根据《担保法》的规定，第二、三、四被申请人的担保也无效，不应承担任何担保责任。

## 二、仲裁庭意见

（一）关于本案合同适用的法律

根据本案合同第 10.4 条的规定，本案合同适用中华人民共和国法律。

（二）关于申请人未能足份提交庭后补充材料的问题

6

根据仲裁规则第 20 条的规定，由于本案的申请人为 2 人，被申请人为 4 人，申请人提交的书面材料应为一式八份。经查，申请人在庭后只提交了一式五份补充材料，虽经仲裁庭通过秘书局一再要求申请人补交并明确告知其法律后果，申请人仍然没有在规定期限内足份提交上述补充材料。对此，仲裁庭认为，申请人的作法违反了仲裁规则，并且被申请人对此明确表示异议，因此，仲裁庭对其提交的庭后补充材料不予采纳。但是当事人在开庭审理时的陈述不受未按时补交材料的影响。

（三）关于"还款协议书"的效力

这是本案争议的焦点。

"还款协议书"是由本案的两个申请人作为甲方，本案的第一被申请人作为乙方和本案的第二、第三被申请人作为丙方于 1999 年 11 月 1 日在北京签订的，确定存在"乙方"银行帐上的本案合同余款 245 万美元在 1999 年 12 月 31 日前和 2000 年 6 月 30 日前分两次各 50%归还甲方。被申请人认为"还款协议书"完全违反中华人民共和国关于外债管理的法律规定，应属无效。申请人则说，"还款协议书"以及由本案第四被申请人出具的"股票质押还款承诺书"都是依据申请人与第一被申请人之间本案合同的"补充协议"而订立的。所称本案合同的"补充协议"，其全名是"94HNXH/3901 合同补充协议"签订于 1996 年 8 月 15 日，本案的两个申请人同本案的第一被申请人约定"……对合同购买内容作如下修改：对采购美国制造设备部分，原则上只购买红矾钠合同中提到的关键设备，其余设备在中国国内制造或购买。经双方估算，拟向美国采购的设备金额约美元 360 万。……"经查，本案合同总价是 1100 万美元，其中设备购买款为 600 万零 500 美元。"补充协议"事实上是对本案合同作了实质性的修改，从价款金额上说，减少了 240 万美元。依据《中华人民共和国技术引进合同管理条例》，本案合同属于技术引进合同，应经中国政府审查批准，本案合同第 11.1 条也规定本案合同应经中国政府批准后生效。 按照《中华人民共和国技术引进合同管理条例》及其实施

7

细则的规定，技术引进合同的修改应经原审批机关批准。那么，"94HNXH/3901 合同补充协议"是否经过中国政府的原审批机关的审查批准呢？在 2001 年 9 月 4 日庭审时，申请人在庭上口头明确表示：无需报批！

仲裁庭认为，申请人的上述说法缺乏法律根据，本庭不予采纳。

根据《中华人民共和国技术引进合同管理条例》及其实施细则的规定，"补充协议"对本案合同的标的、价款的修改属于对合同的重大变更，应当经原审批机关批准。因此，根据《涉外经济合同法》第 33 条以及最高人民法院关于适用《涉外经济合同法》若干问题的解答第三条的规定，重大变更未经原审批机关批准的，应当确认无效。

两个申请人同第一被申请人达成了修改本案合同的"补充协议"却不向中国的政府的原审批机关申报和请求批准，却仍旧以未修改的合同的价款金额从美国进出口银行取得贷款，而且向第一被申请人作出了超过实收货物价款的支付，应认为是有违于申请人同中国建设银行之间的贷款协议、中国建设银行同美国进出口银行的贷款协议的，而且也是违反中国的外债管理的各项有关规定的。被申请人事实上对申请人的作为是配合的，有着通同作弊之嫌。但是，上述这些问题，已经超出了本案的审理范围，仲裁庭不予审理。

至于"还款协议书"，仲裁庭认为，由于 4 个被申请人都没有成为贷款的任一当事方，应同贷款事项没有必然的因果联系。事实上，不论款项是否来自贷款，第一被申请人收取的是合同价款。第一被申请人银行帐上所存有的款项，只能是本案合同的价款而不是美国进出口银行的贷款，因为第一被申请人收取的款项虽然来自美国进出口银行的贷款，但第一被申请人并不因此对美国进出口银行承担贷款的债务。"还款协议书"所约定的是第一被申请人应当归还剩余的合同价款，同申请人向美国进出口银行贷款无直接关系。被申请人认为"还款协议书"完全违反中华人民共和国关于外债管理的法律规定，应属无效的主张不合逻辑，不能成立。

由于本案合同规定，对设备的购买以订单为准，申请人并没有说

8

尚有订单没有发出，被申请人也没有说尚有合同设备在等待订单，这就是说双方都认为本案合同已经执行完了，红钒钠项目已不需要其它进口设备，所以存在第一被申请人银行帐上的款项，只能是多余的合同价款。 被申请人提出，由于本案合同的"补充协议"未经审批而无效，申请人仍应以现存第一被申请人银行帐上的款项继续购买美国设备。 被申请人的这一主张是错误的，因为，作为美国进出口银行提供的出口信贷，是不能任意是用于购买贷款对应项目之外的设备的。 既然是多余的合同价款金额，理所当然应返还给申请人。

（四）关于担保条款以及质押合同的效力问题。

对此，仲裁庭认为：第二、三、四被申请人虽非本案合同的当事人，但是申请人与四个被申请人签订的还款协议书是对本案合同履行完毕后就剩余款项的返还所达成的协议。仲裁庭已经认定合同的剩余价款款项应由第一被申请人退还给申请人，事实上就是认可了"还款协议书"的效力，第二、三、四被申请人既然在"还款协议书"上签了字或以其它方式对此事做出了承诺，那么对各被申请人都是有约束力的。

仲裁庭还注意到：根据双方当事人在还款协议书中的约定，本案第二、三被申请人对第一被申请人偿还欠款承担于 2000 年 6 月 30 日前归还全部欠款本金和约定利息的连带保证责任；第四被申请人则向申请人出具了《股票质押还款承诺书》，承诺用其个人拥有的美国庄明技术公司的个人股票作质押，担保第一被申请人偿还上述欠款。因此，根据《担保法》第 12 条、第 21 条的规定，自第一被申请人在约定的履行期限届满仍不偿还欠款之日起，第二、三、四申请人即应当承担相应的偿还欠款与其他费用的责任。

（五）关于申请人的仲裁请求

1、关于本案合同项下余款本金 2,420,532.14 美元及利息（截止 2001 年 8 月 31 日）646,824.66 美元

依据以上第（三）节的审理意见，仲裁庭已经认定剩余的合同价

9

款款项应予归还,因此支持申请人的这一请求,被申请人应当返还申请人本案合同项下的全部余款本金 2,420,532.14 美元及利息(截止 2001 年 8 月 31 日)646,824.66 美元。

2、关于技术转让费和设计费所得税款 3,971,550 元人民币与 2001 年 8 月 29 日起发生的全部滞纳金 7,943.10 元人民币

根据本案合同 8.3 条的约定,申请人代为扣缴的技术转让费和设计费所得税款应当由被申请人承担。同时,根据我国《外商投资企业和外国企业所得税法》第 22 条关于"纳税义务人未按规定期限缴纳税款的,或者代缴义务人未按规定期限解缴税款的。税务机关除限期缴纳外,从滞纳税款之日起,按日加收滞纳税款 2‰的滞纳金"的规定,仲裁庭认定,从 2001 年 8 月 29 日起发生的全部滞纳金,即 3,971,550 元人民币 × 2‰=7,943.1 元人民币亦应当由被申请人承担。因此,仲裁庭支持申请人的这项请求。

3、关于第二、三、四被申请人承担连带偿还上述欠款和付款的责任

如上所述,仲裁庭认定,第二、三、四被申请人应当连带承担与第一被申请人相同的偿还上述欠款和付款的责任,仲裁庭支持申请人的这一请求。

4、关于第二申请人为追偿本案债务发生的经济损失 105 万元人民币

由于申请人未能提交足够的证据以证明该项损失的存在,因此,仲裁庭对申请人的该项请求不予支持。

(六)关于本案仲裁费

本案仲裁费由申请人承担 10%,由被申请人承担 90%。

### 三、裁决

10

1、被申请人偿还申请人余款本金 2,420,532.14 美元及利息（截止 2001 年 8 月 31 日）646,824.66 美元，以上本息合计 3,067,356.80 美元；

2、被申请人向申请人支付技术转让费和设计费所得税款 3,971,550.00 元人民币与 2001 年 8 月 29 日起发生的全部滞纳金 7,943.10 元人民币；

3、本案第一、二、三、四被申请人就上述款项的偿还互相承担连带付款责任；

4、本案仲裁费 436,314.00 元人民币，分别由申请人承担10%，即 43,631.40 元人民币，由被申请人承担90%，即 392,682.60 元人民币被申请人承担。鉴于本案仲裁费已由申请人预交的款项 436,314.00 元人民币冲抵。因此，被申请人应当向申请人支付人民币 392,682.60 元，以补偿申请人代其垫付的仲裁费。

5、被申请人应向申请人支付的上述各款项，应于本裁决送达之日起 45 日内支付完毕；逾期，并计年利率为6%的利息；

6、驳回申请人的其他请求。

本裁决为终局裁决。



首席仲裁员：陈敏

仲　裁　员：王晨光

仲　裁　员：曹家路

2002 年 3 月 11 日于北京

11