IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHINA NATIONAL CHEMICAL CONSTRUCTION CHONGQING Co., and CHONGQING PESTICIDE CHEMINDUSTRY (GROUP) CORP., | CV-05-350-ST |
| Petitioners, | FINDINGS AND RECOMMENDATION |
| v. | |
| SEEDLING, WORLDMODAL NETWORK SERVICES, and KIT KUNG, | |
| Respondents. | |

STEWART, Magistrate Judge:

Petitioners have filed an appeal with the Ninth Circuit which is pending. Although respondent Kit Kung ("Kung") achieved a dismissal from this case, he filed a cross-appeal from Judge Panner's Order entered March 3, 2006. Because the Ninth Circuit dismissed that cross-appeal, Kung now seeks an Order permitting his cross-appeal to be deemed timely filed *nunc pro tunc* to May 11, 2006 (docket #71). This motion should be denied.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Petitioners, China National Chemical Construction Chongqing Co. and Chongqing Pesticide Chemindustry Group Corp., filed a Petition to Confirm a Foreign Arbitral Award rendered in Beijing, China, against Kung, as well as respondents Seedling and Worldmodal Network Services ("Worldmodal"). After initial discovery, Kung filed a FRCP 12(b)(6) motion to dismiss on several grounds. After argument on the motion, this court issued a Findings and Recommendation ("F&R") dated January 3, 2006, recommending that Kung's motion be granted (docket # 34). Kung timely filed objections on the grounds that the Petition had been filed late and that the purported corrective action taken by petitioners after the last day for filing under the applicable statute was insufficient. District Judge Owen M. Panner adopted the F&R on March 2, 2006 (docket # 47), and Kung was dismissed. However, Kung did not seek entry of a FRCP 54(b) judgment.

On March 6, 2006, petitioners filed a Notice of Appeal to the Ninth Circuit which was assigned Case No. 06-35208 (docket # 49). In order to preserve his objections to the F&R, Kung timely filed a Notice of Cross-Appeal on March 17, 2006, which was assigned Case No. 06-35278 (docket # 53). However, the district court had not yet entered a final judgment because claims were still pending against respondents Seedling and Worldmodal. On March 17, 2006, this court issued an Order to Show Cause why respondent Seedling should not be dismissed for failure of service (docket # 51). Petitioners then filed a motion for default judgment against respondent Worldmodal (docket # 56). On April 3, 2006, this court entered an Order dismissing respondent Seedling without prejudice and entering a default order against respondent

Worldmodal (docket # 57).  Finally on April 12, 2006, a Judgment of Default was entered against the only remaining respondent Worldmodal (docket # 60).

In the meantime, on March 22, 2006, the Ninth Circuit entered an Order directing petitioners/appellants (but not Kung/cross-appellant) to show cause within 21 days why petitioners'/appellants' appeals should not be dismissed for lack of finality.  Declaration of Patrick J. Monaghan, Jr ("Monaghan Decl"), Exhibit C.

On May 11, 2006, within 30 days after entry of the default judgment against respondent Worldmodal, petitioners filed a second Notice of Appeal to the Ninth Circuit which was assigned Case No. 06-35436 (docket # 62).  Kung did not file an additional Notice of Cross-Appeal.  Had he done so, it would have been due within 14 days after petitioner's Notice of Appeal, or by May 25, 2006.  FRAP 4(a)(3).

On September 25, 2006, the Ninth Circuit entered an Order and Judgment dismissing as untimely both petitioners' initial Appeal No. 06-35208 and Kung's Cross-Appeal No. 06-35278, but allowing petitioners' second Appeal No. 06-35436 to proceed (docket # 70).  After receiving that order, Kung then filed an Amended Notice of Cross-Appeal on October 10, 2006 (docket # 68).  Monaghan Decl, Exhibit A.  Kung believes that the Ninth Circuit summarily rejected this Amended Cross-Appeal, which was meant to oppose Appellant's new Appeal No. 06-35436, without an order, by perhaps wrongly perceiving it as merely a revised version of Kung's prior Cross-Appeal No. 06-35278 which had already been dismissed.[1]  Monaghan Decl, ¶ 10.

---

[1] The record does not disclose how the Ninth Circuit has treated Kung's Amended Notice of Cross-Appeal.  Nor does the record reveal whether Kung sought to have his cross-appeal reinstated under FRAP 4(a)(2) which allows a premature notice of appeal to be "treated as filed on the date of and after the entry" of a final judgment.

3 - FINDINGS AND RECOMMENDATION

Kung filed a new Notice of Cross-Appeal on December 8, 2006 (docket # 69; Monaghan Decl, Exhibit D), together with this motion to have it be considered timely *nunc pro tunc*.

## FINDINGS

Kung argues that he was never given notice that his original Notice of Cross-Appeal was in jeopardy by the Ninth Circuit.  Therefore, in fairness, he seeks the court's exercise of its inherent equity powers in the interests of justice to allow his cross-appeal to stand now as timely.

The Courts of Appeals are barred by FRAP 26(b) from enlarging the time to file a Notice of Appeal.  However, the district court can extend the time for filing an appeal as provided in FRAP 4(a)(5) which provides as follows:

> (5) Motion for Extension of Time.
> (A) The district court may extend the time to file a notice of appeal if:
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

To obtain relief under FRAP 4(a)(5), Kung must meet two requirements.  First, he must move to extend time "no later than 30 days after the time prescribed by this Rule 4(a) expires." FRAP 4(a) sets the time for filing a Notice of Appeal.  FRAP 4(a)(1)(A) requires a notice of appeal in a civil case to be filed "with the district court within 30 days after the judgment or order appealed from is entered."  After one party timely files a notice of appeal, then FRAP 4(a)(3) allows any other party to file a notice of appeal "within 14 days after the date when the

4 - FINDINGS AND RECOMMENDATION

first notice was filed or within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Second, Kung must show excusable neglect or good cause. Once these two requirements are met, then the district court may extend the time for filing a notice of appeal 30 days after the expiration of the time allowed by FRAP 4(a) or 10 days after the date the order is entered granting the motion.

Kung cannot satisfy the first requirement because he did not file his motion to extend time within 30 days after the date for timely filing his Notice of Cross-Appeal. He did timely file his first Notice of Cross-Appeal from Judge Panner's Order dated March 2, 2006, but it was dismissed by the Ninth Circuit on September 25, 2006, because "the district court orders being appealed did not dispose of the action as to all claims and all parties, and therefore, are not final judgments." Of course, by the time Kung received the dismissal order by the Ninth Circuit, it was too late for him to timely file a Notice of Cross-Appeal. Pursuant to FRAP 4(a)(1)(a), a timely Notice of Cross-Appeal was due no later than May 25, 2006 (14 days after petitioners' second Notice of Appeal was filed on May 11, 2006). It also was about three months too late for Kung to file a motion to extend time under FRAP 4(a)(5) which was due 30 days after May 25, 2006, or by June 24, 2006.

To overcome this problem, Kung relies on *Agosto v. Rifley,* 968 F2d 1220, 1992 WL 168840, **1 (9th Cir 1992). In that case, the Ninth Circuit considered, although ultimately rejected due to lack of excusable neglect, a motion to extend time filed 101 days past the entry of judgment, explaining:

> Nonetheless, this court has previously held that when an appellant files an untimely notice of appeal that falls within the thirty day extension period, and subsequently files a motion for an extension after the extension period has lapsed, the district court's subsequent order granting an extension of

5 - FINDINGS AND RECOMMENDATION

>time operates *nunc pro tunc* to validate the notice of appeal. *Salazar v. San Francisco Bay Area Rapid Trans Dist.,* 538 F.2d 269, 270 (9th Cir.1976) [*cert denied*, 429 US 951 (1976)]. . . . For an extension to be permissible under Rule 4(b), the district court "must make a finding of excusable neglect." *Id* at p. 2-3.

*Agosto* does not assist Kung. First, it is an unpublished decision which has no precedential value in the Ninth Circuit. Circuit Rule 36-3. Second, it is factually distinguishable. In *Agosto*, the Notice of Appeal was filed one day past the 30 day deadline, but within the 30 day extension period. Therefore, *Salazar* allowed consideration of a motion for extension of time, even though filed after the 30 day extension period. In contrast, Kung filed nothing within the 30 day extension period.

Furthermore, cases from other circuits make it clear that the district court lacks jurisdiction to grant any extension motion that is not filed within the 30 day grace period allowed by FRAP 4(a)(5). *Cohen v. Empire Blue Cross and Blue Shield*, 142 F3d 116, 118 (2nd Cir 1998) (citation omitted); *Cavaliere v. Allstate Ins. Co.*, 996 F2d 1111, 1114 (11th Cir 1993) (citation omitted).

Even if this court could consider Kung's untimely motion to extend time, Kung shows neither good cause nor excusable neglect.

>The good cause and excusable neglect standards have "different domains." They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

FRAP 4(a)(5))A)(ii), advisory committee's note to 2002 Amendments (citation omitted).

6 - FINDINGS AND RECOMMENDATION

Kung contends that the need for an extension was occasioned solely by the fault of the Ninth Circuit by failing to give timely notice of dismissal of his cross-appeal. This court is not persuaded that Kung had any reason to rely on the validity of his initial cross-appeal.

Kung timely filed a Notice of Cross-Appeal from the Order entered by Judge Panner on March 2, 2006. Because that Order was not a final judgment, the Ninth Circuit ordered petitioners/appellants to show cause why their appeal should not be dismissed because "the district court's order challenged in this appeal did not dispose of the action as to all claims and all parties." Monaghan Decl, Exhibit C. Kung's attorney states only the Order to Show Cause was "not addressed" to Kung, presumably referring to the fact that it only directed a response from petitioners. Monaghan Decl, ¶ 6. Kung does not indicate that the Ninth Circuit failed to send him a copy of the Order. If he received the Order, as is likely, then he should have known that his cross-appeal also was in jeopardy.

In any event, in response to the Ninth Circuit's Order to Show Cause, petitioners proceeded to obtain a final judgment by dismissing respondent Seedling and obtaining a default judgment against respondent Worldmodal, and filed a second Notice of Appeal. As indicated on this court's electronic docket, Kung's counsel was electronically served by the court with both the Order dismissing respondent Seedling and the default judgment against respondent Worldmodal and also was served by petitioners with their second Notice of Appeal. Yet Kung failed to file a Notice of Cross-Appeal in response. The only explanation he gives is because "no action had been taken with respect to any Order dismissing Petitioners' original appeal, he did not duplicate his efforts by filing an additional Notice of Cross-Appeal." Monaghan Decl, ¶ 7. This explanation is not satisfactory because the Ninth Circuit's Order to Show Cause, even

7 - FINDINGS AND RECOMMENDATION

though addressed to petitioners, clearly put Kung on notice that the Order dated March 2, 2006, was not a final judgment.  Even without that Order to Show Cause, Kung, as well as petitioners, should have known that no final judgment had yet been entered, rendering their appeals and cross-appeals premature.  Had Kung wished to appeal from Judge Panner's Order, then he should have first obtained entry of a FRCP 54(b) judgment.

Because this court concludes that Kung is at fault for not timely filing his cross-appeal, the excusable neglect standard, rather than the good cause, applies.  To determine whether there has been excusable neglect, the court applies a four-part balancing test:  "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."  *Pinclay v. Andrews*, 389 F3d 853, 855 (9th Cir 2004), citing *Pioneer Invest. Serv. Co. v. Brunswick Assoc., Ltd. Partnership*, 507 US 380, 395 (1993).  Although this court discerns no prejudice to petitioners (who received notice of Kung's cross-appeal) or bad faith by Kung, granting this motion would delay resolution of the appeal.  The default judgment was entered by this court about nine months ago.  The Ninth Circuit has already issued a scheduling order and most (if not all) of the briefing deadlines have already passed.  Furthermore, as already discussed, the reason for the delay was within Kung's reasonable control.  In addition, Kung prevailed in this court and merely seeks on appeal to preserve alternative grounds for prevailing.

In sum, Kung did not timely file his motion to extend time under FRAP 4(a)(5) and has shown neither good cause nor excusable neglect for not timely filing a Notice of Cross-Appeal.

## RECOMMENDATION

For the reasons set forth above, respondent Kit Kung's Motion to Permit Filing of Cross-Appeal *Nunc Pro Tunc* (docket # 71) should be DENIED.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due February 9, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 19th day of January, 2007.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION